**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GONZALO VALDOVINOS-BLANCO, | No. 13-16289 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00211-BAM |
| v. | |
| NEIL H. ADLER, Warden; BURNETT RUCKER, M.D.; MANAGEMENT AND TRAINING CORPORATION; FEDERAL BUREAU OF PRISONS, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding[**]

Submitted February 14, 2014[***]

Before: HUG, FARRIS, and CANBY, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Gonzalo Valdovinos-Blanco appeals pro se the district court's judgment dismissing, pursuant to 28 U.S.C. § 1915(e)(2)(B), his action alleging deliberate indifference to his medical needs and violation of his Eight Amendment rights. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because Valdovinos-Blanco alleged wrongdoing at a federal prison rather than wrongdoing by persons acting under color of state law, the magistrate judge properly characterized Valdovinos-Blanco's claims as an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), not an action under 42 U.S.C. § 1983. *See Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987); *see also Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006); *Starr v. Baca*, 652 F.3d 1202, 1206 (9th Cir. 2011).

Valdovinos-Blanco contends that the magistrate judge erred by dismissing his action without granting leave to amend. He was imprisoned at a privately operated federal prison. A *Bivens* action alleging improper medical care may not be pursued against any of the defendants in this action. *See Minneci v. Pollard*, 132 S. Ct. 617, 626 (2012) (holding that federal prisoner may not pursue a *Bivens* claim against privately employed personnel working at a privately operated federal prison where the allegedly wrongful conduct is of a kind that typically falls within the scope of traditional state tort law, such as improper medical care); *Correctional*

2

*Services Corp. v. Malesko*, 534 U.S. 61, 63 (2001) (holding that a *Bivens* action may not be brought against a private corporation); *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (holding that a *Bivens* cause of action may not be brought against a government agency). Because the magistrate judge correctly concluded that Valdovinos-Blanco cannot cure this deficiency by amendment, she did not abuse her discretion by dismissing the action without leave to amend. *See Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be granted unless the deficiencies in the complaint cannot be cured by amendment).

**AFFIRMED**.